**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATHAN R. HOYE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CV-1347 |
| | ) | |
| vs. | ) | Judge Nora Barry Fischer |
| | ) | |
| COMMONWEALTH OF ALLEGHENY, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NATHAN HOYE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CV-1351 |
| | ) | |
| vs. | ) | Judge Nora Barry Fischer |
| | ) | |
| COMMONWEALTH OF ALLEGHENY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| NATHAN HOYE, | ) | |
| | ) | 2:18-CV-1354 |
| Plaintiff, | ) | |
| | ) | Judge Nora Barry Fischer |
| vs. | ) | |
| | ) | |
| ALLEGHENY COUNTY SHERIFFS OFFICE, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

| NATHAN HOYE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | 2:18-CV-1355 |
| | ) | |
| vs. | ) | |
| | ) | Judge Nora Barry Fischer |
| JUDGE ALEXANDER P. BICKETT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

The above four cases were referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72. All four cases arise from Hoye's criminal cases currently pending in the Court of Common Pleas of Allegheny County. In Case No. 18-cv-1347, Hoye asserts that the Commonwealth has refused to move him to Torrance State Hospital in violation of a court order;[1] in Case No. 18-cv-1351, he asserts that the County refuses to reduce his bond to a ROR bond; in Case No. 18-cv-1354, he alleges that the Allegheny County Sheriff's Office has refused to move him to Torrance State Hospital in violation of a court order;[2] and in Case No. 18-cv-1355, he alleges that Judge Bicket, the trial judge in his criminal cases, refuses to rule on motions he has filed pro se.[3] Hoye requests that he be transferred to Torrance State

---

[1] As will be discussed, the record reflects that Plaintiff was transferred to Torrance State Hospital in November of 2018, within weeks of these lawsuits being filed.

[2] Again, it appears that Plaintiff was transferred to Torrance State Hospital in November of 2018.

[3] The docket in his criminal case reflects that on September 5, 2018, Judge Bicket denied Plaintiff's motions directing that Hoye file all motions through his appointed defense counsel.

Hospital, that his bond be reduced to a ROR bond, and that Judge Bicket be removed from his criminal cases.

On October 22, 2018, the Magistrate Judge issued a Report in each case recommending that the Motion for Leave to Proceed *in forma pauperis* be denied as Plaintiff had not satisfied the imminent danger exception to the three strikes rule of 28 U.S.C. § 1915(g). Plaintiff was served with the Report and Recommendations at his listed address of record and advised that written objections were due by November 8, 2018. On November 7, 2018, the Report and Recommendations were returned unopened to the Court with the following notation on the envelopes: "RTS. Temp. Release." Upon inquiry, the Court was informed that Plaintiff had been transferred to Torrance State Hospital and was unable to file timely objections. On November 8, 2018, the Court sua sponte filed an Order granting Plaintiff an extension until December 10, 2018, to file written objections to the Report and Recommendation.

On December 4, 2018, the Court was informed that Plaintiff remained in custody at Torrance State Hospital. The cases were then statistically closed until such time as Plaintiff notified the Court of his return to Allegheny County Jail. On January 3, 2019, Plaintiff notified the Court that he had been returned to Allegheny County Jail. The cases were reopened and Plaintiff was granted an extension until January 24, 2019, to file his written objections. Presently before the Court are Plaintiff's objections to the Report and Recommendations which were filed on February 5, 2019.[4]

The objections before the Court do not address the recommendation of the Magistrate Judge. Rather, the objections, in toto, state only the following:

---

[4] The objections are not dated, but the envelope has a handwritten note of "1-15-19" on it. The Court will give Plaintiff the benefit of the prison mail box rule and deem the objections timely filed.

3

> The charges that are on me has no value or meaning must be dismissed. See 4th and 6th amendment my right these charges nor case have no value Shall be dismissed. See Brady rule. Brady v. Maryland. I am indigent unable to proceed and pay any amount for moving fwd. This case has no value and by law should be dismissed. A whole bunch of lies is not the truth and should not be heard hearsay is immisable. (sic) no video. no proof.

After a review of the pleadings and documents in these cases, together with the Report and Recommendations, and objections thereto, the Court finds that the Magistrate Judge made a sound recommendation. As the United States Court of Appeals for the Third Circuit has instructed, a plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir.), *cert. denied*, 533 U.S. 953 (2001). Plaintiff's allegations do not rise to the level of imminent danger. The following Order is entered:

The Motions for Leave to Proceed *in forma pauperis* are **DENIED**, and these actions are dismissed without prejudice to Plaintiff's right to reopen the cases by paying in each case the full statutory and administrative filing fees, totaling $400.00. The Report and Recommendations of the Magistrate Judge, dated October 22, 2018, hereby are **ADOPTED** as the Opinion of the District Court.

**IT IS SO ORDERED** this 8th day of February, 2019.

/s Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc: NATHAN R. HOYE
 167618
 Allegheny County Jail
 950 2nd Avenue
 Pittsburgh, PA 15219-3100